### ILLINOIS CENT. R. CO. v. BEAVERS.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1919.)

No. 3365.

NEGLIGENCE ⬯142—FINDINGS—CONSTRUCTION.

    A finding by a jury of wanton negligence necessarily involves a finding of simple negligence.

    Pardee, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by Pauline Beavers against Illinois Central Railroad Co. Judgment for plaintiff and defendant brings error. Affirmed.

Augustus Benners, Borden Burr, and James Rice, all of Birmingham, Ala., for plaintiff in error.

Luke P. Hunt and C. C. Nesmith, both of Birmingham, Ala., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

BATTS, Circuit Judge. The court submitted to the jury the issues of simple negligence and of wanton negligence upon the part of the defendant. A general verdict for plaintiff was returned. The evi-

dence is such that a verdict for plaintiff, based upon wanton negligence, would properly be set aside. A finding, however, by the jury of wanton negligence, necessarily involves a finding of simple negligence —the one including the other.

The jury having found simple negligence, either upon the issue of simple negligence or in their finding upon wanton negligence, and there being evidence to sustain a finding of simple negligence, and there being no evidence which would justify a finding that plaintiff was guilty of contributory negligence, the judgment is affirmed.

PARDEE, Circuit Judge (dissenting). On a careful examination of all the evidence submitted by the plaintiff on the trial below, I find none sufficient to warrant the submission to the jury of the issue of simple negligence on the part of the railroad company or any of its employés. However, over the objections of the defendant below, the trial judge did submit to the jury in an involved charge the question of wanton negligence, and that error was sufficient to mislead and prejudice the jury in determining the questions of simple, wanton, and contributory negligence involved in the case; and I doubt whether we are authorized to assume that the jury based their verdict wholly upon the evidence submitted under the first count of the complaint.